IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAKEEM AHMAD BRYANT,

 Plaintiff,

v.

JOHN WILCHER,

 Defendant.

CV 420-010

## ORDER

  Plaintiff filed this lawsuit while incarcerated at the Chatham County Detention Center. (Compl., Doc. No. 1, at 2.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).) Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (per curiam); 28 U.S.C. § 1915A. A *pro se* litigant's pleadings are held to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the Complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the following reasons, Plaintiff's claims are dismissed.

## I.   BACKGROUND

Plaintiff alleges that on or about October 26, 2019, officers at the Chatham County Detention Center failed to protect him from other inmates in violation of his constitutional rights. (Compl. at 4.) The evening of October 25th, Plaintiff was relocated to a new unit. (Id.) When he arrived at the new unit, three or four inmates began threatening him. (Id.) They said that Plaintiff should not be in their unit and that they were going to hurt him. (Id.) Plaintiff alleges that the officer on duty at the time heard the threats, so Plaintiff asked to speak to the officer's supervisor. (Id. at 4-5.) The officer brought Plaintiff to the lobby and told the supervisor about the threats. (Id. at 5). Plaintiff told the supervisor the names and cell numbers of the inmates that threatened him, but the supervisor responded that the only thing he could do is make a note to separate the inmates. (Id.) The supervisor placed Plaintiff in "single hour status" so that he could leave his cell by himself. (Id.)

The next day, Plaintiff was removed from his cell to use the phone. (Id. at 6.) On the way to the phones, Plaintiff was threatened by an inmate named Timothy Simpson. (Id.) As an officer was bringing an item to Simpson, Simpson allegedly ran out of his cell and assaulted Plaintiff – who was in handcuffs at the time. (Id.) The beating continued for seven minutes before officers tackled Simpson. (Id.) Before Plaintiff could stand up, another inmate began hitting him in the head with a padlock. (Id.) Another four minutes passed

before the second inmate was restrained. (Id.) The attacks injured plaintiff and caused severe bleeding from his head. (Id.)

## II. LEGAL STANDARD

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-

3

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that courts have a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. DISCUSSION

Although Plaintiff mentions some officers in his Complaint, he does not name them nor sufficiently identify them.[1] The Complaint names only Sheriff Wilcher but does not otherwise explain how Wilcher was involved in the incident. To hold Sheriff Wilcher liable, he must demonstrate that Wilcher (1) actually participated in the alleged

---

[1] Fictitious party pleading is not permitted in federal courts unless the description of the defendant is "so specific as to be at the very worst, surplusage." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (internal quotation marks omitted). Plaintiff has provided no description of the officers involved.

4

constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has failed to do so as nowhere in the Complaint beyond the caption is Sheriff Wilcher implicated or even mentioned.

### IV.  CONCLUSION

For the reasons explained above, Plaintiff has failed to raise any non-frivolous claims in his Complaint. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE